Matter of Daniel v Lehman Bros. Holdings Inc. (2018 NY Slip Op 03113)





Matter of Daniel v Lehman Bros. Holdings Inc.


2018 NY Slip Op 03113


Decided on May 1, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2018

Renwick, J.P., Tom, Andrias, Webber, Kahn, JJ.


656158/16 6426N 6425

[*1] In re Cynthia Zamora Daniel, et al., Petitioners-Respondents,
v
Lehman Brothers Holdings Inc., etc., Respondent-Appellant.
In re Goran Puljic, et al., Petitioners-Respondents,
v
Lehman Brothers Holdings Inc., etc., Respondent-Appellant.


Paul Hastings LLP, New York (Kurt W. Hansson of counsel), for appellant.
Hoguet Newman Regal & Kenney, LLP, New York (John P. Curley of counsel), for Cynthia Zamora Daniel and Christopher Montalvo, respondents.
Venable LLP, New York (Edward P. Boyle of counsel), for Goran Puljic, T.K. Narayan and Scott Snell, respondents.



Orders, Supreme Court, New York County (O. Peter Sherwood, J.), entered May 9 and 10, 2017, which granted the petitions to stay arbitration, and denied respondent's cross motions to compel arbitration, unanimously reversed, on the law, with costs, the petitions denied, and the cross motions to compel arbitration granted.
The court erred in failing to enforce the arbitration provision contained in the Lehman Brothers CDO Associates 2004 L.P. Limited Partnership Agreement (LPA). By executing Interest Schedules that were "substantially in the form" of the Form Interest Schedule attached as Exhibit A to the LPA, petitioners are deemed to have executed the LPA, which we find is the "Agreement" referenced in the Interest Schedules. Having been validly executed by petitioners, the provisions of the LPA that are definite and complete, including the arbitration provision, are enforceable (see Kolchins v Evolution Mkts., Inc., 128 AD3d 47, 61 [1st Dept 2015] ["all the terms contemplated by the agreement need not be fixed with complete and perfect certainty for a contract to have legal efficacy"], affd __ NY3d __ , 2018 NY Slip Op 02209 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 1, 2018
CLERK